**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-16477 |
| Plaintiff - Appellee, | D.C. No. 2:04-cv-00859-PMP |
| v. | |
| EUGENE CHEN, M.D., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted October 6, 2010
San Francisco, California

Before: BEEZER, KLEINFELD, and GRABER, Circuit Judges.

Dr. Eugene Chen appeals the district court's final judgment against him.

Judgment was entered after a jury found that Dr. Chen knowingly submitted 3,544

false claims to Medicare. Dr. Chen asserts that the evidence presented at trial was

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

insufficient to prove the government's case. Because we conclude that substantial evidence supports the jury's verdict against Dr. Chen, we affirm the judgment.

A jury verdict must be upheld if supported by "substantial evidence." *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008). Substantial evidence is evidence adequate to support the jury's conclusion even if it is possible to draw a contrary conclusion from the same evidence. *See id.* When reviewing a jury's verdict, we must "view all evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in the favor of the non-mover, and disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* The credibility of the witnesses and the weight of the evidence are issues for the jury and are generally not subject to appellate review. *See Watec Co. v. Liu*, 403 F.3d 645, 651 n.5 (9th Cir. 2005).

The facts of this case are known to the parties, so we do not repeat them.

Under the False Claims Act ("FCA"), "any person who . . . knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" is liable to the U.S. Government. 31 U.S.C. § 3729(a)(1). The plaintiff must prove all elements of an FCA claim by a preponderance of the evidence. *Id.* § 3731(d).

## I

Dr. Chen asserts that he provided a separately identifiable consultation in each case where he billed a consultation code, and therefore he was entitled to payment. He states that the treating physicians requested, and he provided, consultations that went above and beyond the routine procedure. But the requests of treating physicians, Dr. Chen's notes, and the testimony of the government's witnesses support the finding that separate consultations were neither requested nor performed. Even if defense evidence suggests otherwise, the jury was entitled to weigh the evidence and determine the credibility of witnesses. *See Watec*, 403 F.3d at 651 n.5.

Dr. Chen attempts to discredit the government's case by asserting that the government relied entirely on paperwork and expert testimony and presented no evidence of what he actually did. But documents such as referral requests and consultation reports *are* relevant evidence of the services that were requested and performed. Further, Dr. Chen himself described the services he provided. The jury could have concluded that Dr. Chen submitted false claims simply by comparing Dr. Chen's own testimony with Medicare regulations, Current Procedural Terminology Manual ("CPT Manual") definitions, and descriptions provided by government witnesses.

3

## II

Dr. Chen asserts that even if his claims were false, he did not know that they were false. Under the FCA, a person "knowingly" submits false information if he or she "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A). Although a defendant cannot be held liable for an "[i]nnocent mistake" or "mere negligence," *U.S. ex rel. Hagood v. Sonoma Cnty. Water Agency*, 929 F.2d 1416, 1421 (9th Cir. 1991), "no proof of specific intent to defraud" is required, 31 U.S.C. § 3729(b)(1)(B). As this court has previously noted, "what constitutes the offense is not intent to deceive" but rather "the knowing presentation of what is known to be false." *Hagood*, 929 F.2d at 1421.

Substantial evidence supports the jury's finding that Dr. Chen *knowingly* submitted false claims. The government produced evidence that Dr. Chen knew Medicare's billing limitations on consultations or acted in reckless disregard or deliberate ignorance of the Medicare billing regulations. Medicare providers have a duty to familiarize themselves with billing requirements. *See Heckler v. Cmty. Health Servs.*, 467 U.S. 51, 64 (1984). Medicare also sent several pamphlets and

4

newsletters that collectively explained the requirements for a "consultation" and the proper use of the modifiers and codes used by Dr. Chen.

The jury might also have inferred Dr. Chen's knowledge from circumstantial evidence. For example, Dr. Chen routinely used the highest-paying consultation code. After he was sued, Dr. Chen changed his paperwork but continued to bill a consultation code with each procedure.

Dr. Chen argues that despite this evidence, the jury was precluded from finding knowledge for two reasons. First, he argues that he based his claims on a reasonable interpretation of the CPT Manual. Second, he argues that he relied on Medicare's advice in submitting his claims. We believe there was sufficient evidence for the jury to reject both of these arguments.

We have recognized that although a defendant's reasonable interpretation of a regulation does not preclude a finding of falsity under the FCA, a defendant who relies on "a good faith interpretation of a regulation is not subject to liability." *U.S. ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 464 (9th Cir. 1999). This is true "not because his or her interpretation was correct or 'reasonable' but because the good faith nature of his or her action forecloses the possibility that the scienter requirement is met." *Id.* But there is sufficient evidence that Dr. Chen's interpretation of the CPT Manual was neither correct nor in good faith, so the jury

5

was entitled to reject Dr. Chen's assertion that he lacked knowledge because he based his claims on a reasonable interpretation of the CPT Manual.

Likewise, the jury reasonably rejected Dr. Chen's contention that he lacked knowledge because he relied on Medicare's advice. Evidence that a defendant relied on the government's advice in submitting his claim or informed the government of the underlying facts prior to submitting the claim may show that the defendant lacked sufficient knowledge for liability under the FCA. *See Wang ex rel. U.S. v. FMC Corp.*, 975 F.2d 1412, 1420-21 (9th Cir. 1992) (affirming summary judgment for defendant where the defendant openly disclosed deficiencies in quality in an effort to resolve those deficiencies); *Hagood*, 929 F.2d at 1421 (noting that the government's knowledge and evidence that the defendant "did merely what the [government] bid it do" may be relevant in determining the defendant's knowledge). But whether government knowledge or advice proves the defendant's lack of knowledge is highly fact dependent. *See Hagood*, 929 F.2d at 1421 (deferring such an issue to summary judgment or trial).

Here, the government did not explicitly instruct Dr. Chen to bill as he did. Dr. Chen states that he relied on three letters from Medicare agents. Each of these letters concerned individual instances. Although one of the letters explained the proper use of a particular modifier, there is no evidence that Dr. Chen ever

6

requested or received general billing advice from Medicare agents. Additionally, the government offered evidence that Dr. Chen either left out important facts or created documentation after the fact to support his appeals.

In short, substantial evidence supports the jury's finding that Dr. Chen acted either with "actual knowledge," "in deliberate ignorance" or "in reckless disregard" of the falsity of his claims. 31 U.S.C. § 3729(b)(1)(A).

### III

Finally, Dr. Chen argues that by focusing on the 37 claims reviewed as part of a 2003 investigation, the government failed to produce any evidence of 3,507 of the 3,544 false claims submitted to the jury. Given the particulars of this case, we do not address the potential problems with using sampling and extrapolation to prove FCA violations. The government established that Dr. Chen submitted and received payment for all 3,544 consultation claims, and Dr. Chen concedes that the referral request and services provided were the same for each of these claims.

The only distinction that Dr. Chen draws among the 3,544 claims is that 37 of these claims were closely examined at trial while the others were not. But even Dr. Chen concedes that the government need not produce every document related to every claim. Regardless of the number and date of the claims focused on at

7

trial, we must conclude that the evidence supported the jury's finding with respect to all 3,544 claims.

**AFFIRMED.**